

NUMBER 13-18-00218-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PATRICK SCOTT RYAN,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the 36th District Court
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Patrick Scott Ryan pleaded guilty to a charge of theft of property valued at more than $2,500 but less than $30,000, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 1st 2017 C.S.). Ryan was sentenced to deferred adjudication and placed on community supervision for two years. The State of Texas

filed a motion to adjudicate his guilt, setting forth eight alleged violations of Ryan's community supervision. At the hearing on the State's motion to adjudicate guilt the State abandoned three of the alleged violations and Ryan pleaded true to the remaining five violations, stating that he had used controlled substances while on community supervision, failed to submit to confinement as required by his community supervision, and failed to pay the required fines and fees. In testifying, Ryan requested that he be adjudicated guilty and sentenced by the court. The trial court sentenced Ryan to two years in the Texas Department of Criminal Justice–State Jail Division and fined him $5,000. Ryan's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders*, Ryan's appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, Ryan's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. 573 S.W.2d

2

807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court, in writing, that counsel has: (1) notified Ryan that he has filed an *Anders* brief and a motion to withdraw; (2) provided Ryan with a copy of the *Anders* brief and motion to withdraw; (3) informed Ryan of his rights to file a pro se response[1] and review the record preparatory to filing that response; and (4) provided Ryan with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008). An adequate amount of time has passed, and Ryan has not filed a pro se brief. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–827 (Tex. Crim. App. 2005). Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id*. at 827.

We have conducted an independent review of the record, including appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at, 826–27. We agree with counsel that the record presents no arguably meritorious grounds for

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

review and the appeal is frivolous.  *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827.

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, Ryan's attorney has asked this Court for permission to withdraw as counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Ryan and to advise him of his right to file a petition for discretionary review.[2]  See TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.  CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of February, 2019.

---

[2] No substitute counsel will be appointed.  If Ryan seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  See TEX. R. APP. P. 68.2.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See id*. R. 68.4.